# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

————————————

Nº 11-CV-2594 (JFB) (GRB)

————————————

## STEVEN BRANDSTETTER,

Plaintiff,

VERSUS

## BALLY GAMING, INC. and INTERNATIONAL GAME TECHNOLOGY AND ACRES GAMING, INC.,

Defendants.

————————————

**MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**
September 18, 2012

————————————

JOSEPH F. BIANCO, District Judge:

On May 31, 2011, *pro se* plaintiff Steven Brandstetter ("Brandstetter" or "plaintiff") brought this action against defendants Bally Gaming, Inc. ("Bally") and International Game Technology and Acres Gaming, Inc. ("IGT") (collectively "defendants"), alleging claims of unjust enrichment, civil conspiracy and fraud in violation of (1) New York General Business Law § 349, and (2) 18 U.S.C. § 1341.

Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Gary Brown, as well as plaintiff's response to the R&R, and defendants'

oppositions to plaintiff's response.[1] The R&R recommended that the defendants' motions to dismiss be granted.

————————————

[1] On September 4, 2012, plaintiff filed a document titled "Affirmation of Steven Brandstetter in Response to the Recommendation of Magistrate Judge Gary R. Brown and Motion to Request an Additional 60 Days to File an Amended Complaint to Add the Relevant Facts from Case Number 08a571641 Filed September 15, 2008 in Eighth Judicial District Court Clark County, Nevada and a Second Request for This Court to Order a Department of Justice Investigation into Nevada District Court Case Number 08a571641." On September 10, 2012, the Court issued an Order stating that the Court would treat plaintiff's filing as his objections to the R&R and allowed defendants to respond to plaintiff's objections and explain why any leave to re-plead would be futile.

For the reasons that follow, the Court adopts in full Magistrate Judge Brown's thorough and well-reasoned R&R. The Court also denies (1) plaintiff's request to amend his complaint, and (2) plaintiff's request that the Court order a Department of Justice investigation into the Nevada case.

## I. BACKGROUND

As relevant background, the instant action relates to plaintiff's claim that defendants engaged in interactions with plaintiff over several years where defendants made false representations to plaintiff and concealed material facts from plaintiff during the development of slot machine programs. (Compl. ¶ 4.) As noted in the R&R, plaintiff's claims center on allegations that defendants induced him to develop ideas for a slot machine in order to appropriate plaintiff's ideas and acquire similar intellectual property.

On September 15, 2008, plaintiff filed a lawsuit against defendants and others, alleging breach of contract, misrepresentation, misappropriation, violation of the Nevada Uniform Trade Secrets Act, common law conversion, breach of fiduciary duty, and unjust enrichment in the Eighth Judicial District Court for the County of Clark, Nevada ("the Nevada action"). (Id. ¶ 168.) Plaintiff's amended complaint, submitted on January 30, 2009, alleged claims of breach of contract, respondeat superior, misrepresentation, misappropriation, violation of the Nevada Uniform Trade Secrets Act, conversion, fraud, civil conspiracy, and unjust enrichment. (Meich Decl. Ex. B, Amended Complaint, Oct. 4, 2011, ECF No. 9-4.)

After motions for summary judgment had been filed, on April 2, 2009, the Nevada court allowed plaintiff the opportunity to file an amended complaint, but plaintiff failed to do

so. (Meich Decl. Ex. A, Findings of Fact, Conclusions of Law, Oct. 4, 2011, ECF No. 9-3.) On June 9, 2009, the Nevada court granted IGT's motion for summary judgment in its entirety and entered judgment.[2] (Id.) On July 17, 2009, the Nevada court granted Bally's motion for summary judgment in its entirety and entered a final judgment.[3] (Kunimoto Decl. Ex. B, Findings of Fact and Conclusions of Law, Oct. 5, 2011, ECF No. 11-2.) Plaintiff appealed the judgment in the Supreme Court of the State of Nevada, and defendants moved to dismiss the appeal. (Meich Decl. Ex. C, Decision of Nevada Supreme Court, Oct. 4, 2011, ECF No. 9-5.) On November 12, 2010, the Supreme Court of Nevada dismissed the appeal. (Id.)

## II. PROCEDURAL HISTORY

On May 31, 2011, pro se plaintiff filed his complaint. On October 4, 2011, defendant IGT filed a motion to dismiss. On October 5, 2011, defendant Bally filed a motion to dismiss. Plaintiff filed his oppositions to the motions on October 11, 2012. Defendant IGT filed its reply on October 18, 2011, and defendant Bally filed its reply on October 20, 2011. On November 2, 2011, this case was reassigned to the undersigned. By Order dated

---

[2] Specifically, the Nevada court granted defendant's motion with respect to plaintiff's claims of violation of the Nevada Uniform Trade Secrets Act, respondeat superior, misappropriation, common law conversion, unjust enrichment, fraud, and civil conspiracy. (Meich Decl. Ex. A, Findings of Fact, Conclusions of Law, Oct. 4, 2011, ECF No. 9-3.)

[3] Specifically, the Nevada court granted defendant's motion with respect to plaintiff's claims of breach of contract, misrepresentation, misappropriation, violation of the Nevada Uniform Trade Secrets Act, common law conversion, fraud, civil conspiracy, and unjust enrichment. (Kunimoto Decl. Ex. B, Findings of Fact and Conclusions of Law, Oct. 5, 2011, ECF No. 11-2.)

November 28, 2011, the Court referred the motions to Magistrate Judge Brown for a report and recommendation. On August 23, 2012, Magistrate Judge Brown issued the R&R recommending that defendants' motions to dismiss be granted. The R&R further instructed that any objections to the R&R be submitted within fourteen days of receipt. (R&R at 12.) On September 4, 2012, plaintiff filed his affirmation, which the Court construed as plaintiff's objections to the R&R. The defendants filed separate oppositions to plaintiff's objections on September 14, 2012.

III. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)); *Santana v. United States*, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007). Where the report is dispositive of the case, the Court reviews *de novo* the portions to which objections have been filed. *See* Fed. R. Civ. P. 72(b); *Williams v. Beemiller, Inc.*, 527 F.3d 259, 264 (2d Cir. 2008) (noting that a report recommending remand was dispositive).

IV. ANALYSIS

The Court has conducted a review of the full record, including, among other things, the complaint, the parties' respective submissions in connection with the defendants' motions, as well as the R&R, applicable law, plaintiff's objections, and defendants' responses to plaintiff's objections. Having reviewed *de novo* all portions of the R&R to which plaintiff specifically objects, and having reviewed the remainder of the R&R for clear error, the Court adopts the R&R in its entirety, for the reasons set forth therein and below.[4]

In his affirmation, plaintiff states that "[i]t would be a grave injustice to dismiss this case based upon res judicata and collateral estoppel without knowing what really happened" in the Nevada action, (Pl.'s Aff. ¶ 28, Sept. 4, 2012, ECF No. 25), and provides additional details regarding the Nevada action. Plaintiff states that, in the Nevada action, the Nevada court granted his counsel's motion to withdraw and removed counsel that was appearing *pro hac vice* because local counsel had not entered an appearance. (*Id.* ¶ 13.) Plaintiff states that summary judgment in that action was improper because his "attorneys were removed by the Nevada District Court and no attorneys were substituted in the case when the summary judgment decisions were made." (*Id.* ¶ 24.) Having reviewed the *res judicata* and collateral estoppel portions of the R&R *de novo*, the Court adopts those portions of the R&R in their entirety.

A. *Res Judicata*

Plaintiff's claims of fraud, conspiracy, unjust enrichment and mail fraud are barred by *res judicata*.

In the instant case, because the judgment at issue relates to a Nevada state court lawsuit, this Court must apply the principles of *res*

---

[4] Even if the Court reviewed the entire R&R under a *de novo* standard, the Court would reach the same conclusion for the reasons set forth in the thorough R&R.

*judicata* under Nevada law. *See Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373 (1996) ("Federal courts may not 'employ their own rules . . . in determining the effect of state judgments,' but must 'accept the rules chosen by the State from which the judgment is taken.'" (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481-82 (1982)). The Full Faith and Credit Act, 28 U.S.C. § 1738, requires this Court to give the same effect to the Nevada judgment as the Nevada courts would. *See* 28 U.S.C. § 1738 ("[J]udicial proceedings of any court of any state . . . shall have the same full faith and credit in every court within the United States . . . shall have the same full faith and credit in every court within the United States . . . as they have by the law or usage in the courts of such State . . . from which they are taken.").

Under Nevada law, *res judicata* applies where "(1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008).

Here, it is abundantly clear that plaintiff's action is barred by the doctrine of *res judicata*. The parties are the same, the final judgment in the Nevada action is valid, and the instant action is based on claims that were, or could have been raised in the Nevada action.[5]

Thus, plaintiff's claims of fraud, conspiracy, unjust enrichment and mail fraud are barred by *res judicata*.[6] The Court adopts the R&R on this ground and dismisses these claims with prejudice.

## B. Collateral Estoppel

In the alternative, plaintiff's claims of fraud, conspiracy, unjust enrichment and mail fraud are barred by collateral estoppel.

"'[C]ollateral estoppel . . . means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *Leather v. Ten Eyck*, 180 F.3d 420, 424 (2d Cir. 1999) (quoting *Schiro v. Farley*, 510 U.S. 222, 232 (1994)). "Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane*

---

[5] To the extent plaintiff argues that his *pro se* status and/or his prior attorneys' conduct should in some way bar the application of *res judicata*, the law does not permit such an outcome. *See generally Bey v. City of New York*, 454 F. App'x 1, 4 (2d Cir. 2011) (summary order) ("Appellants' former status as *pro se* litigants does not propel them over the res judicata hurdle; this

Court has held that res judicata applies to *pro se* plaintiffs whose claims in a second action are based on the same factual predicates presented in the first action."); *Chien v. Skystar Bio Pharm. Co.*, 623 F. Supp. 2d 255, 261 (D. Conn. 2009) ("[Plaintiff] has argued at various points that his former counsel is responsible for the omissions in his previous lawsuit and that he should not be punished for his former counsel's errors. [Plaintiff] may have a claim against his prior counsel for malpractice, but that does not allow him to circumvent the doctrine of *res judicata*. *See generally* Restatement 2d of Judgments, § 20 (outlining exceptions to *res judicata*, not including error of counsel). In our legal system, litigants choose their own counsel, and fairly or not, [plaintiff] must pay the price for any errors he says his counsel made.").

[6] The Court also finds that plaintiff's claims under the New York General Business Law could have been raised in the Nevada action, and therefore are barred by *res judicata*.

*Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).

As noted *supra*, "Title 28 U.S.C. § 1738 requires federal courts to give the same preclusive effect to state court judgments as would be given by the courts of the judgment-rendering state." *Conte v. Justice*, 996 F.2d 1398, 1400 (2d Cir. 1993). Nevada courts employ a four part test when analyzing collateral estoppel:  "'(1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; . . . (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation'; and (4) the issue was actually and necessarily litigated." *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008) (quoting *Univ. of Nevada v. Tarkanian*, 879 P.2d 1180, 1191 (Nev. 1994) (footnote omitted)).

All four elements are met in this case, as the issues here are identical to those raised in the Nevada action, the Nevada court's summary judgment decision was on the merits and final, plaintiff was the plaintiff in the Nevada action, and the issues were actually and necessarily litigated. As such, collateral estoppel also prevents plaintiff from bringing his claims of fraud, conspiracy, unjust enrichment and mail fraud before this Court.[7]

\*       \*       \*

Thus, having reviewed the R&R *de novo* with respect to the application of *res judicata*

and collateral estoppel, the Court adopts the R&R's recommendation of dismissal of the complaint on these grounds.[8]

## IV. LEAVE TO RE-PLEAD

In his affirmation, plaintiff requests "60 days to file an Amended Complaint to add the facts from case number 08a571641 filed in the Eighth Judicial District Court Clark County or an evidentiary hearing to discover the facts from case number 08a571641 so that [his] rights to due process of law are protected." (Pl.'s Aff. ¶ 27.) Plaintiff states that "[i]t would be a grave injustice to dismiss this case based upon res judicata and collateral estoppel without knowing what really happened in case number 08a571641 filed in the Eighth Judicial District Court Clark County, Nevada." (*Id.* ¶ 28.) Defendants oppose plaintiff's request on the ground that any amendment would be futile.

The Second Circuit has emphasized that

> A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.

---

[7] To the extent plaintiff asserts that his *pro se* status and/or his attorneys' conduct prevented him from actually litigating the Nevada action, these arguments do not prevent the application of collateral estoppel under Nevada law.

[8] The Court has also reviewed the R&R's conclusions that (1) plaintiff's claim under New York General Business Law § 349 fails because (a) plaintiff has not alleged any form of consumer fraud encompassed by the Consumer Protection Act; and (b) plaintiff has not alleged that any acts of deception occurred in New York; and (2) plaintiff's 18 U.S.C. § 1341 claim fails because the statute does not create a private right of action. (R&R at 10-11.) Having reviewed these recommendations for clear error, the Court adopts the R&R with respect to the dismissal of these claims. The Court notes that the result would be the same under a *de novo* standard of review.

5

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotations and citations omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). However, even under this liberal standard, the Court finds that any attempt to amend the pleading in this case would be futile.

As discussed in detail *supra* and in the R&R, plaintiff's claims of fraud, conspiracy, unjust enrichment and mail fraud are barred by the doctrines of *res judicata* and collateral estoppel.[9] It is clear from plaintiff's complaint that plaintiff does not have any possibility of asserting plausible claims because dismissal is not based upon pleading deficiencies, but rather legal doctrines that cannot be remedied by any amendments. Thus, where any amendment to the complaint would clearly be futile, dismissal without leave to re-plead is appropriate. *See, e.g.*, *White v. White*, No. 12 Civ. 200(GBD)(JLC), 2012 WL 3041660 (S.D.N.Y. July 20, 2012) (report and recommendation) ("Courts in this Circuit have frequently found amendment futile where a case is dismissed on *Rooker-Feldman* or preclusion grounds." (collecting cases)).

In addition, though plaintiff has requested that he be permitted to "add the facts" from the Nevada Action, plaintiff has failed to explain how any amendment could possibly state a plausible legal claim. Even considering all of the arguments raised by plaintiff with respect to the Nevada action, any attempt to add additional allegations regarding the Nevada action to the complaint would be futile because the requirements of *res judicata*

and collateral estoppel would still be met under Nevada law.[10] *See, e.g.*, *Day v. Distinctive Personnel, Inc.*, No. 08-CV-3669(JFB)(AKT), 2009 WL 2843376, at *6 (E.D.N.Y. Sept. 1, 2009) (finding leave to re-plead would be futile where *res judicata* barred plaintiff's claims).

Thus, plaintiff's request to re-plead is denied.[11]

## VI. CONCLUSION

Having conducted a *de novo* review of all portions of the R&R to which plaintiff specifically objects, and having reviewed the remainder of the R&R for clear error, the Court adopts the R&R in its entirety. Accordingly, for the reasons set forth in the R&R and this Memorandum and Order, the defendants' motions to dismiss are granted, and the complaint is dismissed.[12] Plaintiff's

---

[9] In addition, plaintiff's claims pursuant to New York General Business Law § 349 and 18 U.S.C. § 1341 are also barred for the reasons stated *supra*.

[10] The Court has considered all of plaintiff's arguments regarding the Nevada action raised in his opposition to defendants' motion to dismiss and his affirmation, including that his allegations that (1) his attorneys committed misconduct, (2) the Nevada courts were biased, (3) Bally never filed an answer, and (4) the defendants prepared the findings of fact and conclusions of law.

[11] In addition, the Court denies plaintiff's request for a Department of Justice investigation into the Nevada action, as the Court is without jurisdiction to order a Department of Justice investigation, and in any event, this request is patently frivolous.

[12] The Court notes that, in its opposition to plaintiff's affirmation, Bally states that "Brandstetter should be discouraged from further baseless attacks against adversaries who have already expended far too much time and expense defending against plaintiff's frivolous claims in Nevada and New York." (Bally Opp. at 9, Sept. 14, 2012, ECF No. 26.) In support of its argument, Bally notes that plaintiff filed motions in New York Supreme Court, Suffolk County, seeking to vacate the judgment in the Nevada action, which were

Case 2:11-cv-02594-JFB-GRB   Document 29   Filed 09/18/12   Page 7 of 7 PageID #: 657

request to amend his complaint is denied. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: September 18, 2012
Central Islip, New York

* * *

The plaintiff is representing himself *pro se*: Steven Brandstetter, 12 May Hill Lane, Dix Hills, NY 11746. Defendant Bally Gaming, Inc. is represented by Charles M. Hart, Duane Morris LLP, 1940 Route 70 East, Suite 200, Cherry Hill, NJ 08003, and Dana Burroughs Klinges, Duane Morris LLP, 30 South 17th Street, Philadelphia, PA 19103. Defendant International Game Technology and Acres Gaming, Inc. is represented by Corey Scott Stark and H.P. Sean Dweck, The Dweck Law

Firm LLP, 75 Rockefeller Plaza, New York, NY 10019.

---

denied on March 1, 2011 and May 3, 2011. (Meich Decl. Ex. D, Order of New York Supreme Court, Suffolk County dated May 3, 2011, Oct. 4, 2011, ECF No. 9-6.) A request for sanctions must be made by separate motion, in accordance with the Federal Rules of Civil Procedure. Therefore, any request for sanctions is procedurally defective. In any event, in its discretion, the Court declines to impose any sanction against plaintiff at this time given his *pro se* status and that this is his first lawsuit in federal court. However, given the R&R and this Order, plaintiff unquestionably now has a full understanding of the preclusive effect of the Nevada action on subsequent lawsuits. Thus, the Court expects that plaintiff will fully analyze the law set forth in the R&R and this Order before filing another lawsuit with respect to the claims asserted in the Nevada action.